UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

AMBER MIHAJLOV,

       Plaintiff,

vs.

SAKS, INCORPORATED,

       Defendant.

_____/

## COMPLAINT

Plaintiff, AMBER MIHAJLOV (hereinafter "Plaintiff") by and through her undersigned counsel, sues the Defendant, SAKS, INCORPORTED, (hereinafter, "Defendant"), and alleges as follows:

1.    Plaintiff, a former employee of Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2.    The jurisdiction of this Court is conferred on this Court by 29 U.S.C. § 216(b).

3.    The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4.    At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

5.      At all times material hereto, the Defendant was the employer or former employer of the Plaintiff, with its principal place of business in New York, but owns and operates a department store in this judicial district.

6.      At all  times material hereto, the Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA and is otherwise 'employer' under the FLSA.

7.      The Plaintiff was hired as a non-exempt employee and began working for the Defendant in 2006 at the Defendant's store in this judicial district and, within the last three (3) years, the Plaintiff worked as a manger, but was paid on an hourly basis.

8.      As a "manager," the Plaintiff was not paid on a 'salary basis' under the FLSA, and was otherwise a non-exempt employee but the Defendant would have the Plaintiff work off the clock with the knowledge of her Supervisor and Director without being paid.

9.      The Defendant would also automatically deduct lunch periods when the Plaintiff was working but this time was otherwise compensable under the FLSA.  Specifically, the Defendant would make adjustments to the Plaintiff's time records to reflect that the Plaintiff was actually on a meal break period when the Defendant knew that the Plaintiff was, in fact, working, in order to cut the costs of payroll.

10.     During her employment and because of these practices by the Defendant, the Defendant had the Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, and willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

2

11.     All records, if any, concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

12.     Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 above.

13.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

14.     By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, the Plaintiff was not properly paid for compensable time under the FLSA and has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims.

Dated: July 3⁴, 2014.

3

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone:  (954) 463-2001
Facsimile:    (954) 463-0410
E-mail: cjwhitelock@bellsouth.net
Counsel for Plaintiff


Christopher J. Whitelock
Florida Bar No. 067539